OPINION
{¶ 1} Appellant Capital City Financial Group, Inc. ("Capital City") appeals the decision of the Delaware County Court of Common Pleas that denied its motion for summary judgment and granted MAC Construction, Inc.'s ("MAC") motion for summary judgment. The following facts give rise to this appeal.
 {¶ 2} On April 23, 2001, Capital City initially filed this lawsuit against MAC. In its complaint, Capital City asserted it purchased and was assigned various accounts receivable of Imperial Plumbing, Inc. ("Imperial"), including some of the accounts receivable involving work Imperial performed for MAC. Thereafter, both parties filed motions for summary judgment. On December 21, 2001, the trial court issued its judgment entry granting Capital City's motion for summary judgment and denying MAC's motion for summary judgment.
 {¶ 3} In granting summary judgment in favor of Capital City, the trial court concluded MAC had acquiesced to each of the invoices Capital City presented to it because MAC's corporate secretary signed documents acknowledging receipt of the notice of the assignment and of the amounts of the invoices. The trial court also concluded MAC was not permitted to assert its contract defenses against Capital City because the acknowledgments contained language indicating the invoices "are approved for payment without offsets, discounts or abatements."
 {¶ 4} MAC appealed the trial court's decision to this court. On appeal, we held no enforceable agreement between Capital City and MAC existed whereby MAC waived its right to raise contractual defenses because no consideration supported the acknowledgements and therefore, MAC was entitled to assert its contract defenses against Imperial and Capital City, Imperial's assignee. We also determined a genuine issue of material fact existed as to whether Imperial breached the underlying contract with MAC. We remanded this matter, to the trial court, for further proceedings.
 {¶ 5} Upon remand, Capital City and MAC again filed motions for summary judgment. In its motion for summary judgment, MAC included affidavits of its president, secretary and two of its project managers which asserted Imperial, Capital City's assignor, breached its contract with MAC. Capital City alleged in its motion for summary judgment the acknowledgements were enforceable because they were supported by consideration and therefore, MAC had contractually waived its defenses against Imperial and, by assignment, Capital City. Capital City also argued consideration was unnecessary for the acknowledgements by operation of R.C. 1302.12(A) and genuine issues of material fact existed as to whether Imperial breached its contract with MAC.
 {¶ 6} On May 6, 2003, the trial court issued its judgment entry granting MAC's motion for summary judgment, denying Capital City's motion for summary judgment and dismissing Capital City's complaint. In doing so, the trial court relied upon this court's determination, in the first appeal, that the acknowledgements were not supported by consideration and found the law of the case doctrine prohibited the trial court from reconsidering the consideration issue on remand The trial court further concluded MAC had sustained its burden of showing no genuine issue of material fact as to whether Imperial breached its contract with MAC and Capital City failed to present sufficient contrary evidence.
 {¶ 7} Capital City timely appealed and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. The trial court's application of the doctrine of the law of the case was clearly erroneous in that the court of appeals never reviewed the consideration claims raised by appellant upon remand
 {¶ 9} "II. The trial court erred in failing to discern `new' facts and evidence to establish consideration for an enforceable agreement between appellant capital city and appellee Mac Construction presented by capital city after remand
 {¶ 10} "III. The trial court erred in granting appellee summary judgment when there were genuine issues of material fact with respect to its alleged defenses.
 {¶ 11} "IV. The trial court erred in not finding that separate or `new' consideration for appellee's waiver of defenses is not required under R.C. § 1302.12(A)."
 "Summary Judgment Standard" {¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:
 {¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 15} It is based upon this standard that we review Capital City's assignments of error.
 I, II {¶ 16} We will address Capital City's First and Second Assignments of Error simultaneously as both address interrelated issues. In its First Assignment of Error, Capital City maintains the trial court erroneously applied the doctrine of the law of the case[1] because the court of appeals never reviewed the consideration claims raised by Capital City upon remand Capital City contends, in its Second Assignment of Error, the trial court erred when it failed to discern new facts and evidence to establish consideration for an enforceable agreement between Capital City and MAC which Capital City presented upon remand We disagree with both assignments of error.
 {¶ 17} In Nolan v. Nolan (1984), 11 Ohio St.3d 1, the Ohio Supreme Court addressed the doctrine of the law of the case. The Court stated:
 {¶ 18} "* * * [T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * *
 {¶ 19} "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.
 {¶ 20} "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a hearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given." [Citations omitted.] Id. at 3-4.
 {¶ 21} Further, the doctrine "* * * precludes a litigant from attempting to rely on arguments at retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." Hubbard ex rel. Creed v. Sauline,74 Ohio St.3d 402, 404-405, 1996-Ohio-174. Further, in State ex rel.Sharif v. McDonnell, 91 Ohio St.3d 46, 48, 2001-Ohio-240, the court explained that a lower court must follow the mandate of its court of appeals, whether correct or incorrect, absent extraordinary circumstances such as an intervening decision by the Supreme Court.
 {¶ 22} Upon remand from the first appeal, both parties filed motions for summary judgment. In its judgment entry, the trial court concluded:
 {¶ 23} "The Fifth District Court of Appeals determined that no consideration exists to support an enforceable agreement between the Plaintiff [Capital City] and the Defendant [MAC] whereby the Defendant [MAC] agreed to waive contractual defenses. The parties presented substantially the same facts and issues on appeal as are now involved on remand The Plaintiff [Capital City] has not presented new evidence to support its claim that consideration exists. Instead, the Plaintiff [Capital City] summarizes facts of which the court of appeals would have been aware when determining whether consideration existed. Thus, under the law of the case doctrine, this Court must adhere to the Fifth District's decision that no consideration exists." Judgment Entry, May 6, 2003, at 5.
 {¶ 24} Capital City argues the trial court's decision is erroneous for two reasons. First, Capital City maintains we did not review, in our first appeal, claims that there was no consideration because it made no such argument on appeal. A review of our previous decision establishes otherwise. Although Capital City did not raise the issue of consideration, in the first appeal, we addressed the issue after determining R.C. 1309.17[2] did not apply. We did so in the context of determining whether an enforceable contract was created by the forms verifying the accounts which were signed by MAC's corporate secretary.
 {¶ 25} Therefore, even though Capital City did not raise the issue of consideration and address it in the previous appeal, we specifically considered the issue. In doing so, we held:
 {¶ 26} "In this case, appellant [MAC] contends that there was no consideration exchanged. We agree. * * *
 {¶ 27} "The forms signed by appellant's corporate secretary contain no indication of an exchange of consideration. Further, appellee makes no assertion that consideration exists. [F.N. 5 omitted.] Since no consideration was exchanged, we find that there was no enforceable agreement between appellant and appellee whereby appellant waived its right to raise contractual defenses." Capital City Financial Grp., Inc.v. MAC Constr., Inc., Delaware App. No. 02CA-E-01-006, 2002-Ohio-4543, at 8, 9.
 {¶ 28} Thus, a review of our previous decision clearly establishes we considered the issue of consideration. In its second argument, Capital City contends it presented new evidence, upon remand, in the form of additional exhibits and expanded affidavits that establish consideration existed. This argument is related to Capital City's Second Assignment of Error, in which it maintains the trial court erred when it failed to discern new facts and evidence to establish consideration for an enforceable agreement between it and MAC, which Capital City presented upon remand
 {¶ 29} Capital City maintains this new evidence concerning consideration was not addressed by this court, in the first appeal, and therefore, the doctrine of the law of the case does not apply to the new evidence presented by Capital City. We disagree with this conclusion and find the trial court properly applied the doctrine of the law of the case to Capital City's new evidence. A close review of our previous decision establishes that we did not remand this matter for the trial court to address the issue of whether consideration existed. Instead, we conclusively determined that no consideration existed and therefore, the trial court properly granted summary judgment in favor of Capital City.
 {¶ 30} The only issue we remanded for the trial court to consider was whether Imperial breached its contract with MAC. Therefore, upon remand, any new evidence presented by the parties should have pertained solely to the issue of whether a breach of contract occurred between Imperial and MAC. We did not remand this matter for the court to again address the issue of consideration. Accordingly, the trial court properly applied the doctrine of the law of the case when it concluded the alleged new evidence was evidence that was before this court during the first appeal. Further, it was not necessary for the trial court to consider this alleged new evidence because this was not the purpose of the remand
 {¶ 31} Therefore, upon remand, the trial court was not required to discern new facts and evidence to establish consideration for an enforceable agreement between Capital City and MAC.
 {¶ 32} Accordingly, Capital City's First and Second Assignments of Error are overruled.
 III {¶ 33} In its Third Assignment of Error, Capital City contends the trial court erred when it granted MAC's motion for summary judgment because genuine issues of material fact remained with respect to Capital City's defenses. We disagree.
 {¶ 34} The parties submitted affidavits in support of their respective motions for summary judgment. Capital City submitted affidavits for mechanics' liens. According to Capital City, these affidavits establish that MAC owes Imperial substantial amounts above all legal setoffs. MAC submitted the affidavits of Sony Brown and Brad Rucker, the two project managers/superintendents for the four construction projects in question; the affidavit of Walter McEnery, the president of MAC; and the affidavit of Laurie McEnery, the corporate secretary for MAC. These affidavits establish Imperial did not complete its plumbing work on the four construction projects and MAC had to hire other plumbers to complete the work on the projects. Further, Laurie McEnery averred she back charged Imperial for all amounts MAC paid for supplies and services that were Imperial's responsibility and Imperial still owes MAC $2,046.
 {¶ 35} Based upon this evidence, the trial court granted MAC's motion for summary judgment concluding as follows:
 {¶ 36} * * * [N]othing in the documentary materials that the Plaintiff [Capital City] submitted demonstrates any issue of fact as to whether Imperial Plumbing failed to properly perform the services it agreed to perform. Nowhere in the mechanics' liens does Ebling aver that it fully complied with its contract with the Defendant [MAC]. Nowhere in the mechanics' liens does Ebling state that it expended the funds to fully perform its obligations under the contract. * * * In essence, the mechanics' liens do not sufficiently demonstrate a material fact as to whether Imperial Plumbing fully complied with its contractual obligations. * * * The mechanics' liens do not establish whether Imperial Plumbing expended that amount of money to fully satisfy Imperial Plumbing's contractual obligations.
 {¶ 37} "Therefore, the Defendant [MAC] has sustained it burden of producing evidence showing that no genuine issue of material fact remains as to whether Imperial Plumbing breached its contract with the Defendant [MAC] and as to the amount of money it incurred as a result of Imperial Plumbing's breach." Judgment Entry, May 6, 2003, at 6.
 {¶ 38} We have reviewed, de novo, the evidence both parties submitted in support of their respective motions for summary judgment. We agree with the trial court's conclusion that the mechanics' liens do not demonstrate a genuine issue of material fact as to whether Imperial performed its obligations under the contract it entered into with MAC. The liens also do not demonstrate a genuine issue of material fact as to whether MAC incurred expenses over and above what is owed under the accounts receivable.
 {¶ 39} Accordingly, Capital City's Third Assignment of Error is overruled.
 IV {¶ 40} In its final assignment of error, Capital City contends the trial court erred in finding separate or new consideration for MAC's waiver of defenses was not required under R.C. 1302.12(A). We disagree.
 {¶ 41} Capital City admits, in fn. 2, that it did not raise this argument in the first appeal, which it could have done by filing a cross-appeal. This court addressed the issue of consideration in the first appeal and concluded there was no consideration exchanged. As discussed, in Assignments of Error One and Two, this decision is the law of the case.
 {¶ 42} Capital City's Fourth Assignment of Error is overruled.
 {¶ 43} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
[1] The arguments concerning the doctrine of the law of the case applies to Capital City's second argument, in its First Assignment of Error, and its Second Assignment of Error.
[2] R.C. 1309.17 provides as follows: "(A) Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith, and without notice of a claim or defense * * *."