**GREAT SENECA FINANCIAL, Appellee,**

v.

**FELTY, Appellant.**

[Cite as *Great Seneca Financial v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050929.

Decided Dec. 15, 2006.

738

Weltman, Weinberg & Reis Co., L.P.A., and Charles L. Tate, for appellee.

John K. Issenmann, for appellant.

GORMAN, Presiding Judge.

{¶ 1} Terry Felty appeals from the trial court's entry of summary judgment in favor of Great Seneca Financial ("GSF") in the amount of $7,406.79 plus interest in an action on a credit-card account. In two assignments of error, Felty argues

(1) that the trial court erred in entering summary judgment because genuine issues of material fact existed as to GSF's claim and (2) that the trial court erred in awarding GSF interest on the account in an amount different from that demanded in its complaint. For the following reasons, we sustain Felty's first assignment of error in part, reverse the judgment of the lower court, and remand this cause for further proceedings.

## Facts

{¶ 2} GSF sued Felty to collect money due on a credit-card account that had originated with First USA Visa. GSF moved for summary judgment and produced the following in support of its motion: (1) a First USA Visa credit-card application signed by Felty; (2) First USA credit-card statements beginning with a balance of $5,703.56 and detailing credits and debits on the account from January 1998 to May 2000, for a total of $7,406.79; and (3) documents purporting to show that several different entities had owned the Visa account at issue before GSF acquired it. As to the first two sets of documents, GSF submitted an affidavit from its custodian of records stating that GSF was an assignee of the original creditor, First USA Visa, that GSF had received the attached records electronically, and that they were certified and "were made either by a party having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein." GSF later filed the third set of documents, but without an accompanying affidavit.

{¶ 3} Felty opposed the motion on the grounds that GSF could not authenticate the First USA documents, could not establish the accuracy of the beginning balance of $5,703.56, and could not establish that the account purchased by GSF was the First USA account that was the subject matter of the lawsuit.

{¶ 4} The trial court entered summary judgment in favor of GSF and awarded it $7,405.79 plus interest at the statutory rate of five percent per year. This appeal followed.

## Standard of Review

{¶ 5} We review a grant of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

Civ.R. 56(C); *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798; see, also, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

## Action on an Account

{¶ 6} An action on an account, such as the one before this court, is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid. See *Booth v. Bob Caldwell Dodge Country, Inc.* (Apr. 30, 1996), 10th Dist. No. 95APE10–1367, 1996 WL 221142. It is founded in contract and exists "to avoid the multiplicity of suits [that would be] necessary if each transaction between the parties * * * would be construed as constituting a separate * * * action." *Am. Sec. Serv. v. Baumann* (1972), 32 Ohio App.2d 237, 242, 61 O.O.2d 256, 289 N.E.2d 373. To establish a prima facie case for money owed on an account, a plaintiff must demonstrate the existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due. *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 38 O.O.2d 143, 223 N.E.2d 373; *Asset Acceptance Corp. v. Proctor*, 156 Ohio App.3d 60, 2004-Ohio-623, 804 N.E.2d 975, ¶ 12, citing *Brown*, supra; see, also, *Citibank v. Lesnick*, 11th Dist. No. 2005–L–013, 2006-Ohio-1448, 2006 WL 763078, ¶ 9; *Mercy Franciscan Hosp. v. Willis*, 1st Dist. No. 030914, 2004-Ohio-5058, 2004 WL 2244809.

## Authentication of Business Records

{¶ 7} In his first assignment of error, Felty contends that the First USA credit-card application, the First USA statements, and the documents purporting to transfer ownership of the account at issue to GSF were not properly authenticated and therefore should not have been considered by the trial court.

{¶ 8} When ruling on a summary-judgment motion, a court may consider documents attached to an affidavit only if certain requirements are met. Specifically, the affidavit accompanying the documents "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E); see, also, *Dresher v. Burt*, supra.

{¶ 9} Felty argues that GSF failed to authenticate the records as required by Evid.R. 901. Authentication is a matter of establishing that something is what its proponent claims it to be. See Evid.R. 901(A). According to

Evid.R. 901(B)(10), authentication of business records, such as the documents at issue here, is governed by Evid.R. 803(6).

{¶ 10} A party seeking to admit a business record into evidence under Evid.R. 803(6) must establish three essential elements: (i) the record must be one regularly made in a regularly conducted activity; (ii) the contents of the record must have been entered or transmitted by a person with knowledge of the act, event, or condition recorded therein; and (iii) the act, event, or condition must have been recorded at or near the time of the transaction. See Evid.R. 803(6). The "custodian of the records" or other qualified witness under Evid.R. 901(B)(10) must lay the requisite foundation for admissibility. Even after these elements are established, however, a business record may be excluded from evidence if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Evid.R. 803(6).

{¶ 11} We find merit in Felty's argument that the documents purporting to assign Felty's credit-card account to GSF should not have been considered by the trial court because GSF had failed to authenticate these records. GSF did not file these documents with an accompanying affidavit setting forth a proper foundation under Evid.R. 803(6) for their admissibility into evidence. See Civ.R. 56(C); *Ebbets Partners Ltd. v. Day*, 2d Dist. No. 19748, 2003-Ohio-4425, 2003 WL 21991370, ¶ 15. This argument is sustained.

{¶ 12} GSF did, however, properly authenticate the First USA Visa credit-card application and the First USA statements. GSF's "custodian of records," Cheryl Ann Kavanagh, indicated by way of affidavit that GSF had acquired the application and the statements as an assignee of the account and that the documents were "kept in the course of a regularly conducted business activity and * * * were made at or near the time of the transactions reflected therein. * * * [S]aid records were made either by a party having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein. GSF is an assignee, receiving certified information electronically from an intermediary for the original creditor, First USA Visa." Consequently, we hold that these documents were properly authenticated, i.e., that GSF established that the records were what GSF claimed them to be. See Evid.R. 901.

### Reliability of the Records

{¶ 13} The problematic issue in this case, however, is not whether the documents were what GSF claimed them to be, but rather whether the documents could be otherwise admitted under Evid.R. 803(6), because GSF was not the maker of the records: In other words, whether "the source of information or

the method or circumstances of preparation indicate[d] lack of trustworthiness." Evid.R. 803(6).

{¶ 14} Fed.R.Evid. 803(6) and Ohio's version of the rule are substantially similar. Staff Notes to Evid.R. 803(6). We find federal case law to be instructive on this issue. A number of circuit courts have held that exhibits can be admitted as business records of an entity, even when that entity was not the maker of those records, provided that the other requirements of Fed.R.Evid. 803(6) are met and the circumstances indicate that the records are trustworthy. See *United States v. Childs* (C.A.9, 1993), 5 F.3d 1328, 1333, see, also, *United States v. Travers* (C.A.9, 2004), 92 Fed.Appx. 489, 494, citing *Childs,* supra ("Records need not actually be prepared by the business to constitute business records, so long as they are received, maintained, and relied upon in the ordinary course of business"); *United States v. Jakobetz* (C.A.2, 1992), 955 F.2d 786, 801 ("Even if the document is originally created by another entity, its creator need not testify when the document has been incorporated into the business records of the testifying entity"); *Saks Internatl. Inc. v. M/V Export Champion* (C.A.2, 1987), 817 F.2d 1011, 1013–14 (documents may properly be admitted as business records even though they are the records of an entity other than one of the parties, and even though the foundation for their receipt is laid by a witness who is not an employee of the entity that owned and prepared them, provided that there are sufficient indicia of the records' reliability and trustworthiness).

{¶ 15} In this case, as to the documents' reliability, Kavanagh stated that the records at issue had been assigned to GSF, that they were kept in its regular course of business, that they had been "certified" by an intermediary of First USA Visa, and that GSF was relying on the documents to arrive at the sum of $7,405.79. We hold that Kavanagh's affidavit contained enough information to establish that the First USA documents were trustworthy. Consequently, the credit-card application and credit-card statements were properly before the trial court. But resolution of this issue does not end our analysis.

### Itemization of Debits and Credits

{¶ 16} Felty next contends that summary judgment was improper because a genuine issue of material fact existed as to the amount due on the account as a result of the starting balance of $5,703.56. We agree. GSF failed to provide documentation of the credits and debits leading to the $5,703.56 balance that would have permitted a proper calculation of the total amount due. See *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 38 O.O.2d 143, 223 N.E.2d 373; *Harvest Land Co-Op v. Wolter,* 2d. Dist. No. 1654, 2005-Ohio-6258, 2005 WL 3147321, ¶ 14–16; *Asset Acceptance Corp. v. Proctor,* 156 Ohio App.3d 60, 2004-Ohio-623, 804 N.E.2d 975. Therefore, we conclude that the evidence

presented to the trial court did not permit a reliable determination as to the beginning balance on Felty's credit-card account and that therefore a genuine issue of material fact remained. See *Brown*, supra.

{¶ 17} In sum, Felty's first assignment of error is sustained to the extent that we hold (1) that the trial court erred in considering the documents filed by GSF purporting to demonstrate that GSF had purchased Felty's First USA Visa account and (2) that the trial court erred in entering summary judgment in favor of GSF because a genuine issue of material fact remained as to the balance due on the account. We overrule Felty's first assignment of error as it pertains to the admissibility of the business records created by First USA but offered as business records of GSF because we conclude, under the circumstances of this case, that the records were properly considered by the trial court under Evid.R. 803(6).

## Interest Award

{¶ 18} In his second assignment of error, Felty contends that the trial court erred in awarding interest in an amount other than that demanded in GSF's complaint. We find no error. Civ.R. 54(C) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings." GSF was not foreclosed from recovering an amount other than the amount requested in its complaint. This assignment of error is overruled.

{¶ 19} But due to our ruling on the first assignment of error, the trial court's judgment is reversed, and this cause is remanded for further proceedings in accordance with law.

Judgment reversed
and cause remanded.

SUNDERMANN and WINKLER, JJ., concur.

RALPH WINKLER, J., retired, of the First Appellate District, sitting by assignment.