[Cite as *Ohio Receivables, L.L.C. v. Purola*, 2013-Ohio-5806.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


| | | |
|---|---|---|
| OHIO RECEIVABLES, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-092** |
| ALBERT L. PUROLA, | : | |
| Defendant-Appellant. | : | |


Civil Appeal from the Lake County Court of Common Pleas, Case No. 10CV002025.

Judgment:  Affirmed.


*Jackson T. Moyer*, *Parri J. Hockenberry*, and *Aaron J. Wilson*, 471 East Broad Street, 12th Floor, Columbus, OH  43215 (For Plaintiff-Appellee).

*Albert L. Purola*, pro se, 38298 Ridge Road, Willoughby, OH  44094 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1}  This accelerated calendar appeal is from the Lake County Common Pleas Court, which granted summary judgment in favor of appellee, Ohio Receivables, LLC, ("Ohio Receivables") on the defaulted debt of appellant, Albert Purola's, credit card account with appellee's predecessors in interest, Chase Bank ("Chase") and Turtle Creek Assets, Ltd. ("Turtle Creek").

{¶2}  The history of this case is set forth in a previous opinion issued by this court involving the parties, *Ohio Receivables L.L.C. v. Purola*, 11th Dist. No. 2011-L-

099, 2012-Ohio-1452 ("*Purola I*"). Briefly, Ohio Receivables filed a complaint against Purola seeking money damages from a defaulted credit card account that Purola originally opened with Chase, was later sold by Chase to Turtle Creek, and that Turtle Creek subsequently sold to Ohio Receivables. In *Purola I*, Ohio Receivables alleged that it was the real party in interest and that it had acquired one of Purola's accounts pursuant to the above-referenced chain of transfers.

{¶3} The matter was ultimately considered by the trial court on Ohio Receivables' motion for summary judgment and Purola's response. Purola never disputed any charges on the account or that he owed the specified balance. The issue before the trial court was whether Ohio Receivables' evidence demonstrated that Purola's account was included in the transfer from Chase to Turtle Creek, and then from Turtle Creek to Ohio Receivables.

{¶4} The trial court awarded summary judgment in favor of Ohio Receivables and Purola appealed, asserting that Ohio Receivables' evidential submissions failed to show that it was the owner of his account. This court agreed with Purola, reversed the matter, and remanded it to the trial court for further proceedings. Specifically, we determined that "Exhibit 1," a redacted copy of transferred accounts referenced in the bill of sale between Turtle Creek and Ohio Receivables, including Purola's account, was not attached to Ohio Receivables' motion for summary judgment, and therefore, not part of the record before the trial court. *Purola I* at ¶12. Thus, we concluded that a genuine issue of fact existed as to whether Purola's account was ultimately acquired by Ohio Receivables, and whether Ohio Receivables was the real party in interest. *Id.* at ¶18.

{¶5} Upon remand, Ohio Receivables moved for leave to file another motion for summary judgment, and that motion was granted over Purola's objection. In its second motion for summary judgment, Ohio Receivables presented additional evidence that was not before the trial court when it reviewed Ohio Receivables' first motion for summary judgment; namely, "Exhibit D," which is a redacted copy of the spreadsheet referenced as Exhibit 1 in the bill of sale between Turtle Creek and Ohio Receivables. As noted, that document, which listed Purola's account as having been included in the transfers, was absent from the record when the first motion for summary judgment was under review.

{¶6} In addition to Exhibit D, Ohio Receivables attached an affidavit to its motion attested by its Custodian of Records and Vice President, Gabriel Cheek, averring to the sequence of events and documents involving the purchase and assignment of Purola's account by Ohio Receivables. The affidavit further incorporates as exhibits the bills of sale between Chase and Turtle Creek, and between Turtle Creek and Ohio Receivables. Regarding Exhibit D, the affidavit incorporates it, states that it is a true and accurate copy of business records, and explains that it is a redacted copy of the spreadsheet referenced as Exhibit 1 in the bill of sale between Turtle Creek and Ohio Receivables. The affidavit further explains that the spreadsheet was redacted to reflect only the details of Purola's account to protect the privacy of account holders not involved in this litigation. Purola filed a motion in opposition; however, he did not support his opposition with an affidavit or other Civ. R. 56 (C) evidence. The trial court once again granted summary judgment in favor of Ohio Receivables and against Purola.

{¶7} Purola timely appeals and raises the following assignments of error for our review:

{¶8} "[1.] The trial court erred to the prejudice of the appellant by granting leave to file a second motion for summary judgment."

{¶9} "[2.] The trial court's granting summary judgment was error prejudicial to the defendant because the trial court's treatment of Exhibit D falls short of what is needed to meet the rule 56 standard of excluding any reasonable factual dispute, and entitling the moving party to judgment as a matter of law."

{¶10} Under his first assignment, Purola argues that the trial court abused its discretion when it permitted Ohio Receivables to correct its previous omission because there was no evidence attached to Ohio Receivables' second motion that could not have been included in its first motion. To that point, Purola relies on *Dillon v. Dean*, 566 N.Y.S.2d 350 1991, which held that multiple summary judgment motions in the same action are discouraged in the absence of a showing of newly discovered evidence or other sufficient cause. Purola contends that the omitted evidence that was in Ohio Receivables' possession at the time of the first motion does not constitute "newly discovered evidence" or "other sufficient cause" with respect to the second motion. In addition, Purola directs our attention to *Stemen v. Shibley*, 11 Ohio App.3d 263 (6th Dist. 1982), which held as follows:

{¶11} "The doctrine of the law of the case does not foreclose a party from filing, nor the court from considering, a new motion for summary judgment, notwithstanding that the trial court, in the same case, had previously granted summary judgment, *which*

*judgment was subsequently reversed on appeal, where such new motion is based upon an expanded record.*" (Emphasis added). *Id.* at paragraph three of the syllabus.

{¶12} Again, Purola contends that Ohio Receivables did not base its second motion for summary judgment on an "expanded record" when all that was added was a document that had been in its possession all along and could have been submitted with the first motion. In sum, Purola argues, without citation to any authority, that the term "expanded record" is used to mean an additional witness, not the replacement of what was negligently omitted. We disagree.

{¶13} In *Stemen*, appellees' second motion for summary judgment upon remand included "additional exhibits and affidavits." Appellant in that case did not submit evidence contrary to appellees' motion for summary judgment. The trial court once again granted appellees' motion for summary judgment, and that judgment was affirmed on appeal based upon the "expanded record," attached to appellees' second motion. *Id.* at 267. As noted, in *Stemen*, the "expanded record" contained "additional exhibits and affidavits" that were not before the appellate court on the first appeal. Thus, though not specifically defined, the "expanded record" in *Stemen* was simply a record that contained additional evidence that was not included in the previous record.

{¶14} Additionally, the *Stemen* court made the specific point that in its original judgment remanding the case to the trial court "for further proceedings consistent with this decision," it did not order that the matter be set for trial. *Id.* at 265. Therefore, the *Stemen* court concluded that in entertaining appellees' motion for summary judgment upon remand, the trial court was not running afoul of the appellate court's decision. *Id.* *See also Cipriani v. Stephanoff*, 8th Dist. Cuyahoga No. 56250, 1990 Ohio App. LEXIS

114, *7 (Jan.11, 1990) (on remand appellees' second motion for summary judgment contained additional sworn statements that were deemed to constitute an "expanded record" and did not result in prejudicial error).

{¶15} In the instant case, notably, Ohio Receivables' merits brief filed in *Purola I* made specific references to the missing evidence, the redacted spreadsheet labeled as Exhibit 1. Thus, Ohio Receivables clearly assumed Exhibit 1 had been attached to its first motion for summary judgment and included in the court's file. However, due to an error on the part of counsel or some other unknown source, Exhibit 1 was not attached to the motion as intended by Ohio Receivables.

{¶16} Based on the foregoing, we conclude that this error constitutes "sufficient cause" under *Stemen* to justify introduction of the documents that did not make it into the record the first time. Moreover, as in *Stemen*, this court in *Purola I* reversed and remanded the matter "for further proceedings consistent with this opinion" and did not specify that a trial had to take place. *Purola I* at ¶19. Therefore, the trial court did not run afoul of any directive by this court that a trial was required to take place.

{¶17} Finally, we point out that our decision in *Purola I* was confined to the issue of Ohio Receivables' failure to demonstrate that it had acquired Purola's account and was the real party in interest. *Id.* at ¶18. Therefore, we remanded this matter to the trial court to address those specific issues. The evidence presented by Ohio Receivables in the form of Exhibit D, in fact, pertained solely to that issue. Therefore, the trial court properly applied the doctrine of the law of the case when it concluded Exhibit D was part of an "expanded record." Stated another way, Exhibit D comported with the purpose of the remand with regard to the specific issue at hand. *See, e.g.,*

6

*Capital City Financial Group, Inc. v. MAC Construction, Inc.*, 5th Dist. Delaware No. 03 CA 29, 2003-Ohio-6291, ¶29-30.

**{¶18}** We further emphasize that Purola's argument fails from a procedural standpoint regarding the standard law governing summary judgment. It is axiomatic that once the moving party has met its burden of supporting its motion with sufficient admissible evidence, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing that there is a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the nonmoving party does not satisfy this reciprocal burden, summary judgment, if appropriate, shall be granted against the nonmoving party. Civ.R. 56(E). Here, although Ohio Receivables met its burden by supporting its motion with admissible evidence demonstrating its ownership of Purola's account, Purola failed to attach any Civ.R. 56(C) evidence in support of his motion in opposition that would have created an issue of material fact as to the ownership of his account.

**{¶19}** Accordingly, for the foregoing reasons, Purola's first assignment of error is without merit.

**{¶20}** Under his second assignment of error, Purola essentially argues that there is no evidence as to the authenticity of Exhibit D. Specifically, he argues that Exhibit D and the affidavit incorporating Exhibit D are insufficient to establish the transfer of this account to Ohio Receivables because the affidavit does not identify its source or how it was created, and that neither of those items are discernible upon visual examination of Exhibit D. In sum, Purola argues that Exhibit D "exists in a vacuum" with no context or foundation, and that it does not fall within the "business records" exception to the hearsay rule. Again, we disagree.

**{¶21}** "Authentication is a matter of establishing that something is what its proponent claims it to be. See Evid.R. 901(A). According to Evid.R. 901(B)(10), authentication of business records, such as the documents at issue here, is governed by Evid. R. 803(6)." *Great Seneca Financial v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, ¶9 (1st Dist.).

**{¶22}** A party seeking to admit a business record into evidence under Evid.R. 803(6) must establish three essential elements: (i) the record must be one regularly made in a regularly conducted business activity; (ii) the contents of the record must have been entered or transmitted by a person with knowledge of the act, event, or condition recorded therein; and (iii) the act, event, or condition must have been recorded at or near the time of the transaction. *See* Evid.R. 803(6). The custodian of the records or "other qualified witness" under Evid.R. 901(B)(10) must lay the requisite foundation for admissibility. *Id.*

**{¶23}** In other words, Evid.R. 803(6) excepts from the hearsay rule records kept in the course of a regularly conducted business activity if it was the regular practice of that business to make such records, and those records were made by or from information transmitted by a person with knowledge. *See Charter One Mortgage Corp. v. Keselica*, 9th Dist. Lorain No. 04CA008426, 2004-Ohio-4333, ¶19.

**{¶24}** "Fed.R.Evid. 803(6) and Ohio's version of the rule are substantially similar. *See* Staff Notes to Evid.R. 803(6). We find federal case law to be instructive on the issue of authentication of business records. A number of circuit courts have held that *exhibits can be admitted as business records of an entity, even when that entity was not the maker of those records*; provided that the other requirements of Rule 803(6) are

8

met, and the circumstances indicate that the records are trustworthy." (Emphasis added.) *Great Seneca Financial* at ¶14 (citations omitted).

**{¶25}** Furthermore, "[r]ecords need not be actually prepared by the business offering them if they are received, maintained, and relied upon in the ordinary course of business. If the document is originally created by another entity, the creator need not testify if the document is incorporated into the business records of the testifying entity." *Shawnee Associates, LP v. Village of Shawnee Hills*, 5th Dist. Delaware No. 09-CAE-05 0051, 2010-Ohio-1183, ¶50.

**{¶26}** In the instant case, as noted above, the affidavit submitted by Ohio Receivables indicates that the testimony of the affiant is based on "information and records submitted and provided as a result of the purchase of [Purola's] debt and warranted and represented to be true and accurate." The affidavit describes in detail how Ohio Receivables received the documents, incorporated them into its business records, and relied on them in conducting its business. Thus, although Ohio Receivables did not actually prepare the records being offered, they were "received, maintained, and relied upon in the ordinary course of business." *Shawnee* at ¶50.

**{¶27}** Accordingly, Ohio Receivables' affidavit is sufficient under Evid.R. 803(6) to authenticate the business records attached to its motion for summary judgment as well as demonstrate its ownership of Purola's account, and is not inadmissible hearsay. Furthermore, again, Purola has submitted no Civ. R. 56 evidence to refute those facts. Therefore, the evidence submitted by Ohio Receivables was properly considered by the trial court. Purola's second assignment of error is without merit.

9

{¶28} For the foregoing reasons, the trial court correctly determined that no genuine issues of material fact exist and that Ohio Receivables is entitled to judgment as a matter of law. It is therefore the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

{¶29} In *Purola I* this court held that the affidavit and excel spreadsheet submitted by Ohio Receivables was sufficient to document the transfer of Mr. Purola's debt from Chase Bank to Turtle Creek. However, in *Purola I* Ohio Receivables failed to include such a spreadsheet to establish the transfer from Turtle Creek to it. As such this court reversed the trial court's grant of summary judgment.

{¶30} In the present case, Ohio Receivables has documented its claim that Purola's debt was transferred from Turtle Creek to them by attaching a similar excel spreadsheet as provided in *Purola I*. Because this court held in *Purola I* that this type of excel spreadsheet was sufficient to document the transfer of the debt, under the doctrine of law of the case, we are now bound to accept this second spreadsheet. However, I am concerned that an excel document, which can be created on virtually any computer, lacks the indicia of trustworthiness necessary for purposes of granting

10

summary judgment. *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, ¶14 (1st. Dist.2006).

{¶31} Thus, I concur in judgment only.

11