[Cite as *Midland Funding L.L.C. v. Shirley*, 2015-Ohio-4455.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MIDLAND FUNDING LLC, | : | APPEAL NO.  C-140715 |
| | | TRIAL NO.  14CV-06184 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| WILLIAM SHIRLEY, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 28, 2015

*Weltman, Weinberg & Reis Co., L.P.A.*, and *Jack J. Lah*, for Plaintiff-Appellee,

*Law Office of John M. Williams, L.L.C.*, and *John M. Williams*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1}   Defendant-appellant William Shirley appeals from the trial court's entry of summary judgment in favor of plaintiff-appellee, Midland Funding, LLC, ("Midland") for $1,983.93 in an action on a credit-card account. In one assignment of error, Shirley contends that the trial court's judgment must be reversed because there remain genuine issues of material fact. Shirley's argument has merit.

{¶2}   This court reviews the granting of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Grafton*; *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). The moving party bears the burden of producing evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates summary judgment should be granted. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to do so, summary judgment must be denied. *Id.* at 293.

{¶3}   In part, Shirley claims that the trial court erred in granting Midland summary judgment because the documents submitted by Midland in support of its motion for summary judgment did not comply with Civ.R. 56(E). He also asserts that the credit-card account at issue is not his, that he is not responsible for any charges on the account, and that therefore Midland cannot prove its case. *See Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶ 6 (1st Dist.) (setting forth the elements of a claim on an account).

{¶4}   The types of evidence a party may submit in support of a motion for summary judgment are the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * * ."  Civ.R. 56(C).  In this case, Midland submitted the affidavit of Mycah Struck along with numerous attached documents.  Civ.R. 56(E) allows a trial court to consider documents attached to an affidavit provided the documents are properly authenticated and are "referred to" in the affidavit. *Loukinas v. Rooter-Roto Serv. Co.,* 167 Ohio App.3d 559, 2006-Ohio-3172, 855 N.E.2d 1272, ¶ 20 (1st Dist.).

{¶5}   In Struck's affidavit, he identifies himself as a "legal specialist," who was "familiar with and trained on the manner and method" by which Midland maintained its business records.  According to Struck, Shirley owed $1,983.93 on a credit-card account owned by Midland as the assignee of a Credit One Bank account.  Attached to Struck's affidavit was a document that appears to be a Credit One Bank cardholder agreement.  Another document was an untitled print-out of data presumably establishing the amount that Shirley owed to Midland.  It appears to have been generated from data transmitted in the course of the sale of the account to Midland. There are also documents that appear to be credit-card statements in Shirley's name with Shirley's home address on them, showing a running balance of debits and credits.  However, there was nothing in Struck's affidavit that referred to or identified the attached documents. Instead, Struck's affidavit contained a statement that Midland owned Shirley's account, general language as to Struck's knowledge of Midland's business-record-keeping practices, a statement that Struck had reviewed the records pertaining to that account, and a statement that Shirley owed $1,983.93 to Midland.  This was insufficient to meet the requirements of Civ.R.

56(E), because the documents sought to be submitted in support of Midland's motion for summary judgment were not properly identified or referred to in Struck's affidavit. In addition, since Struck's affidavit failed to provide that he had reviewed the attached documents, the documents at issue were not properly authenticated as Midland's business records. *See* Evid.R. 803(6). Absent properly submitted documents sufficient to establish the elements of Midland's claim, there remain genuine issues of material fact in this case.

{¶6} We are aware that Shirley did not object to the court's consideration of these documents on the ground that they did not meet the requirements of Civ.R. 56(E) or Evid.R. 803(6). We also acknowledge that this court has held that a trial court may consider evidence other than that listed in Civ.R. 56 where there is no objection. *See Loukinas* at ¶ 22. But we will not apply that rule here, because in this case there was essentially no evidence before the trial court that complied with Civ.R. 56, and because Shirley has consistently challenged the factual issues that the documents purported to establish. *See Walker v. Hodge*, 1st Dist. Hamilton No. C-080002, 2008-Ohio-6828, ¶ 15. Shirley asserted in the trial court and now asserts on appeal that the account at issue was not his account, and therefore that he was not responsible for the charges.

{¶7} Under these circumstances, we hold that Midland failed to demonstrate the absence of any genuine issue of material fact and that it was entitled to judgment as a matter of law. The trial court therefore erred in entering summary judgment in favor of Midland.

{¶8} Shirley's assignment of error is sustained. We reverse the trial court's entry of summary judgment and remand this cause for further proceedings.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **DEWINE, J.**, concur.

Please note:

The court has recorded its own entry this date.

