[Cite as *Capital One Bank, N.A. v. McGee*, 2013-Ohio-895.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


| | | |
|---|---|---|
| CAPITAL ONE BANK (USA) N.A., | ) | CASE NO.   12 MA 102 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| MAGGI McGEE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from County Court No. 5, Case No. 11CVF361. |
| JUDGMENT: | Affirmed. |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee: | Attorney Eric Peterson<br>1100 Superior Avenue, 19th Floor<br>Cleveland, Ohio  44114-2581 |
| For Defendant-Appellant: | Attorney Thomas Michaels<br>839 Southwestern Run<br>Youngstown, Ohio  44514 |


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated: March 8, 2013

VUKOVICH, J.

**{¶1}** Defendant-appellant Maggi McGee appeals from the decision entered in Mahoning County Court No. 5 granting summary judgment for plaintiff-appellee Capital One Bank (USA), N.A. Two issues are raised to this court. The first is whether the affidavit attached to Capital One's motion for summary judgment properly incorporated the exhibits that were attached to the affidavit. The second issue is if the evidence was properly incorporated, does it establish that there is no genuine issue of material fact that McGee is in default and owes Capital One the amount alleged in the complaint.

**{¶2}** For the reasons discussed below, the arguments asserted lack merit. The judgment of the trial court granting summary judgment in Capital One's favor is hereby affirmed.

<u>Statement of Facts and Case</u>

**{¶3}** On October 4, 2011, Capital One filed a complaint against McGee for money damages in Mahoning County Court No. 5. In the complaint, Capital One alleged that McGee defaulted on her credit card and owed it $2,047.40 on account number xxxx-xxxx-xxxx-0764. McGee filed an answer denying all allegations in the complaint. 01/04/12 Answer.

**{¶4}** Thereafter, Capital One moved for summary judgment. 03/09/12 Motion. Attached to the motion is an affidavit from Angela Zalewski, a litigation support representative. The affidavit avers that McGee's credit account shows a balance of $2,047.40 and that no part of the balance has been paid. Attached to the affidavit are account statements.

**{¶5}** McGee filed a motion in opposition asserting that the affidavit and the attachments were inadequate to support summary judgment. 05/10/12 Motion. Attached to her motion is her own affidavit avowing that she does not owe Capital One $2,047.40 and that she did not receive a demand for payment.

**{¶6}** After considering the motions, the trial court granted summary judgment in Capital One's favor and ordered judgment against McGee in the amount of

$2,047.40 plus statutory interest from the date of the judgment and costs.  05/16/12 J.E.

**{¶7}**    McGee filed a timely notice of appeal from that decision.

<u>Assignment of Error</u>

**{¶8}**    "The trial court erred in granting summary judgment when genuine issues of material fact existed precluding summary judgment."

**{¶9}**    The sole assignment of error addresses the propriety of the trial court's grant of summary judgment for Capital One.  In reviewing a summary judgment award we apply a de novo standard of review.  *Cole v. Am. Industries & Resources Corp.,* 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998).  Thus, we use the same test as the trial court did, Civ.R. 56(C).  That rule provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.  *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).  A "material fact" depends on the substantive law of the claim being litigated.  *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505 (1986).

**{¶10}**   As aforementioned, two issues are presented for review under the sole assignment of error.  The one that will be dealt with first is whether the Zalewski affidavit and attachments should be struck from the record for failing to comply with Civ.R. 56(E).  McGee argues two points under this issue.  First, she contends that the affidavit was not based on personal knowledge.  Second, she asserts that the documents attached to the affidavit were not identified in the affidavit and thus, were not properly incorporated.

**{¶11}**   Starting with whether the Zalewski affidavit was based on personal knowledge, Civ.R. 56(E) requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the

affidavit." "A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Residential Funding Co., LLC v. Thorne,* 6th Dist. No. L–09–1324, 2010–Ohio–4271, ¶ 70. *See also Home S. & L. Co. v. Eichenberger,* 10th Dist. No. 12AP–1, 2012–Ohio–5662, ¶ 18.

{¶12} Here, Zalewski attests that she is a "litigation support rep" and that she is authorized to make the affidavit. The affidavit provides that the scope of her job responsibilities includes "processing and collection of credit accounts" maintained by Capital One, which includes McGee's account. Paragraph 1 of the Affidavit. She indicates that she is familiar with the manner and methods that Capital One uses to create and maintain its normal business records; she is one of Capital Ones' custodians of business records. Paragraph 1 of the Affidavit. She states that it is normal practice for Capital One to send monthly statements to the accountholders reflecting the purchases made, payments received and/or amounts owing on the account. Paragraph 2 of the Affidavit. She also avers that these records are kept in the ordinary course of Capital One's business. The affidavit includes a statement of the amount owed on McGee's account, $2,047.40, and that none of that balance has been paid. Paragraph 4 of the Affidavit. The last paragraph of the affidavit states, that "[t]he documents attached hereto and identified as Exhibit A, are true, authentic and accurate copies of Creditor's business records relating to the Customer's Credit Account." Paragraph 5 of the Affidavit. "Customer's Credit Account" was defined as McGee's account number xxxx-xxxx-xxxx-0764. Paragraph 3 of the Affidavit.

{¶13} The statements made in affidavit clearly provided that Zalewski has personal knowledge of the account and that she is custodian of the records. Thus, any argument that McGee lacks personal knowledge, either express or implied, fails.

{¶14} The second argument McGee makes regarding the first issue she raises concerns the evidence attached to the Zalewski affidavit. She claims that this evidence does not comply with Civ.R. 56(C) and/or was not properly incorporated through an affidavit pursuant to Civ.R. 56(E). Civ.R. 56(C) provides that proper

summary judgment evidence is pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of facts. If the evidence produced in support of summary judgment does not fit into one of those categories, then that evidence must be incorporated through a properly framed affidavit pursuant to Civ.R. 56(E). *Citibank v. McGee*, 7th Dist. No. 11MA158, 2012-Ohio-5364, ¶ 14, citing *Martin v. Central Ohio Transit Auth.,* 70 Ohio App.3d 83, 89, 590 N.E.2d 411 (1990). If the evidence is not incorporated through a properly framed affidavit it is not proper summary judgment evidence and will not be considered. The incorporation requirement is met "by attaching the papers to the affidavit with a statement in the affidavit that the copies are true and accurate reproductions." *McGee*, ¶ 14, citing *State ex rel. Corrigan v. Seminatore,* 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).

**{¶15}** Attached to the affidavit labeled Exhibit A are 14 credit card statements showing amounts due, purchases, and payments. In addition to the credit card statements, also attached is a document titled "Capital One Cycle Facsimile Report." This document shows the final balance owed, $2,047.40.

**{¶16}** In determining whether these documents needed to be incorporated with a properly framed affidavit, our analysis begins with the 14 credit card statements. Standing alone, those credit card statements do not qualify as proper Civ.R. 56(C) evidence as they do not constitute pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, or written stipulations of fact. Thus, the only means that these statements can be considered is if they were properly incorporated with an affidavit pursuant to Civ.R. 56(E).

**{¶17}** McGee asserts that the Ninth Appellate District's decision in *Huntington Natl. Bank v. Legard*, 9th Dist. No. 03CA008285, 2004-Ohio-323, supports her position that the statements were not properly incorporated. In *Legard*, the Ninth Appellate District concluded that the two letters attached to the motion for summary judgment were not proper evidence under Civ.R. 56(C) and were not incorporated and referenced in a properly framed affidavit pursuant to Civ.R. 56(E). *Id.* at ¶ 11. The affidavit in that case provided that the affiant had control of records and that the

records were maintained in the ordinary course of business. *Id.* at ¶ 9. It further stated that the affiant "has reviewed all exhibits attached to [Appellee's] [b]rief in [s]upport of its [m]otion for [s]ummary [j]udgment and states to the best of her knowledge and belief that those exhibits are true and accurate copies of the purported documents." *Id.* The affidavit did not identify how many documents were attached, nor did it specifically identify any documents by exhibit letter or number. *Id.*

**{¶18}** We are not persuaded that *Legard* is analogous to the facts at issue in the case sub judice. Here, as explained above, the Zalewski affidavit is more specific than the one in *Legard.* The Zalewski affidavit specifically indicates that the business records include credit card statements sent to customers showing the amount owed, purchases, if any, and payments made, if any. The affidavit also refers to the attachments as Exhibit A and indicates that they are true and accurate copies of business records relating to McGee's credit account. Therefore, given the specificity of the affidavit, the monthly credit card statements that were sent to McGee were properly incorporated evidence.

**{¶19}** Next, as to the document labeled "Capital One Cycle Facsimile Report", we do not need to decide whether this document complied with Civ.R. 56(C) and/or was incorporated through the Zalewski affidavit. All of the information contained in this document, i.e. McGee's name, credit account number, and the balance owed to Capital One ($2,047.40), was attested to in the Zalewski affidavit. Paragraph three of the affidavit states: "[t]he business records of Creditor, indicate that the Credit Account of Maggi A. McGee, * * * account Number ************0764 * * * shows a balace [sic] of $2,047.40." Paragraph 3 of Zalewski Affidavit. This information was based on personal knowledge and Zalewski was qualified to testify to this information. Therefore, the information was already properly before the trial court; the document was not needed to verify this information. It is noted that this information is needed because none of the credit card statements include the ending balance ($2,047.40) that Capital One is seeking as damages.

**{¶20}** Consequently, for all the above reasons, the first issue presented by McGee lacks merit. Our attention now turns to the second issue – whether the

evidence attached to the affidavit establishes that there is no genuine issue of material fact that McGee is in default and owes Capital One $2,047.40.

**{¶21}** It has been explained that an action on an account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid. *Great Seneca Fin. v. Felty*, 170 Ohio App. 3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶ 6 (1st Dist.). Actions to collect on a credit card balance constitute actions "on an account." *Capital One Bank v. Toney,* 7th Dist. No. 06-JE-28, 2007-Ohio-1571, ¶ 34. In order to establish a prima facie case for money owed on an account, a plaintiff must demonstrate the existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due. *Id.* citing *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 223 N.E.2d 373 (10th Dist.1967); *see also Citibank v. McGee*, 7th Dist. No. 11MA158, 2012-Ohio-5364, ¶ 25.

**{¶22}** It appears that McGee is arguing that Capital One did not present a proper accounting. Specifically, she asserts that not all of the credit card statements from the date the credit card was issued until it was terminated are attached and none of the statements show a beginning balance of zero.

**{¶23}** In order to constitute a proper accounting, "it is not necessary that every transaction that has transpired between the parties be included during the entire existence of their business relationship." *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. No. 11AP-951, 2012-Ohio-3165, ¶ 30, quoting *Wolf Automotive v. Rally Auto Parts, Inc.,* 95 Ohio App.3d 130, 134 (10th Dist.1994). *See Am. Express Travel Related Servs. v. Silverman,* 10th Dist. No. 06AP338, 2006–Ohio–6374, ¶ 9–10 (concluding four years worth of credit card statements and copy of the cardmember agreement constituted sufficient evidence of an account, as requiring American

Express to produce 30 years worth of statements constituted "an unreasonable burden"):

> "'An account rendered by one person to another and not objected to by the latter within a reasonable time becomes an account stated.'" *Creditrust Corp. v. Richard,* 2d Dist. No. 99–CA–94 (July 7, 2000), quoting 1 Ohio Jurisprudence 3d, Accounts and Accounting, Section 27, at 204 (1998). It is "the duty of the one to whom the account is thus rendered to examine the same within a reasonable time and object if he or she disputes its correctness." *Id.* (concluding the plaintiff pled a proper account, even though the credit card statement attached to the complaint showed no debits or credits, where the debtor did not timely object to the final balance within 60 days after receiving the statement, as the cardholder agreement required).

*Ohio Receivables, L.L.C.*, 2012-Ohio-3022, at ¶ 31.

**{¶24}** In *Ohio Receivables, L.L.C.*, the credit card statements attached to the creditor's motion for summary judgment begin with a statement reflecting a due date of February 13, 2004 and a balance on the account of $7,447.17. *Id.* at ¶ 32. The statement shows the previous balance was $7,445.91, that defendant charged $183.07 in goods and services, paid $253.08, and incurred $71.27 in finance charges. *Id.* Five years worth of statements were attached to the summary judgment motion in *Ohio Receivables, L.L.C. Id.* The Tenth Appellate District concluded that since Dallariva continued to use the credit card and did not object to the balances on the statements he assented to the balances. *Id.* at ¶ 33, citing *Crown Asset Mgt., L.L.C. v. Gaul,* 4th Dist. No. 08CA30, 2009–Ohio–2167, ¶ 10, fn. 1 (a party's assent to an account may be "implied when an account is rendered by the creditor to the debtor and the debtor fails to object within a reasonable amount of time"). Thus, the Appellate Court concluded that the trial court properly determined that the billing statements, spanning five years, did qualify as a proper accounting because the documents reflect defendant's name, a sum recited to which defendant did not

object, and itemized debits and credits which permit calculation of the final amount due. *Id.* at ¶ 33-34.

**{¶25}** Similarly the Eleventh Appellate District has concluded that providing some of the credit card statements, but not all of them, constitutes a proper accounting. *Discover Bank v. Damico*, 11th Dist. No. 2011-L-108, 2012-Ohio-3022, ¶ 18-19. In *Damico*, only 12 account statements were attached to Discover Bank's motion for summary judgment. *Id.* at ¶ 18. These statements reflected purchases and payments on the account, not merely an end amount owed, and as such, demonstrated continued use and a developing balance. *Id.* Likewise, there was no challenge to the authenticity of the statements. *Id.* at 18.

**{¶26}** Our case is similar to the above cited cases from the Tenth and Eleventh Appellate Districts. The 14 statements attached to Capital One's motion for summary judgment clearly identify McGee and her account number. The first ten statements are consecutive statements from November 2008 through August 2009. The first statement attached, November 2008, shows a beginning balance of $1,671.59 and an ending balance of $1,758.94. This statement shows that the credit card was used for a purchase and for a cash advance. The next two statements (December 2008 and January 2009) show that payments were made. However, in February and March 2009, no payments were made. But in April 2009 a payment was made. From May 2009 through August 2009 no payments were made. The remaining four statements are from September 2010, December 2010, March 2011 and June 2011. These statements merely show what is owing on the credit card and do not show that any payments or charges were incurred on the account. Like *Ohio Receivables, L.L.C.,* and *Damico*, this running account of the credit card charges and payments, shows an assent to the amount owed on the account, and thus, establishes that the credit card statements do constitute a proper accounting. Furthermore, the Zalewski affidavit establishes the final amount owing on the account, $2,047.40.

**{¶27}** Therefore, while the credit card statements attached do not begin with a beginning zero balance or list all credits, debits and charges, or establish a running

balance from the date the card was opened until the date it was closed, these statements do meet all three requirements that are needed for establishing a prima facie case for money owed on an account. In coming to this determination it is acknowledged that attached to McGee's response to Capital One's motion for summary judgment is her own affidavit in which she denies owing Capital One $2,047.40. (McGee Affidavit Paragraph 4). We have previously explained that this type of bare denial does not create a genuine issue of material fact. *McGee*, 2012-Ohio-5364, ¶ 29. To create a genuine issue of material fact, she "was required to set forth specific facts that would permit a trier of fact to find that the amount of debt claimed by * * * [the plaintiff] was incorrect." *Id.*

{¶28} Therefore, based on the above, `McGee's second issue presented for review also lacks merit.

{¶29} In conclusion, for the reasons expressed above, the sole of assignment of error lacks merit. The judgment of the trial court granting summary judgment for Capital One is hereby affirmed.

Donofrio, J., concurs.
Waite, J., concurs.