[Cite as *Capital One, N.A. v. Jones*, 2026-Ohio-62.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

CAPITAL ONE, N.A.,

    PLAINTIFF-APPELLEE,

  v.

AUBREY M. JONES, NKA,
AUBREY M. VICTORY

    DEFENDANT-APPELLANT.

CASE NO. 5-25-14

OPINION AND
JUDGMENT ENTRY

Appeal from Findlay Municipal Court
Trial Court No. 25CVF00262

Judgment Affirmed

Date of Decision:  January 12, 2026

APPEARANCES:

    *Aubrey M. Victory,* Appellant

    *Jackson T. Moyer* for Appellee

**ZIMMERMAN, J.**

**{¶1}** Defendant-appellant, Aubrey M. Jones, nka Aubrey M. Victory ("Jones"), pro se, appeals the May 27, 2025 judgment of the Findlay Municipal Court granting summary judgment in favor of plaintiff-appellee, Capital One, N.A. ("Capital One"), and awarding it a judgment in the amount of $3,731.33. For the reasons that follow, we affirm.

**{¶2}** On January 30, 2025, Capital One filed a complaint for an action on an account against Jones seeking the recovery of an unpaid credit card debt in the amount of $3,731.33. Jones filed her answer on February 5, 2025.

**{¶3}** Following an initial exchange of disclosures, Jones served combined discovery requests (requests for admissions, interrogatories, and requests for production) on Capital One on March 3, 2025, specifically seeking account-specific documents like the cardholder agreement and chain-of-title records. The trial court granted Capital One multiple extensions to respond to this discovery, ultimately extending the response deadline to June 21, 2025. Nevertheless, Jones filed a combined motion to compel discovery and for a continuance to permit compliance with the discovery requests on May 7, 2025, which the trial court denied the next day.

**{¶4}** On May 8, 2025, Capital One filed a motion for summary judgment, attaching the affidavit of Tieona Booker ("Booker"), a litigation support

representative, and Jones's account statements. Jones filed a memorandum in opposition to Capital One's motion for summary judgment on May 12, 2025 along with a motion to strike Booker's affidavit, alleging that it lacked personal knowledge and proper authentication. On May 21, 2025, Capital One filed its reply to Jones's memorandum in opposition to summary judgment as well as a memorandum in opposition to her motion to strike Booker's affidavit. That same day, Jones filed her own motion for summary judgment, which the trial court denied as untimely. On May 27, 2025, the trial court granted summary judgment in favor of Capital One and entered final judgment in the amount of $3,731.33.

{¶5} Jones filed a Civ.R. 60(B) motion on May 29, 2025. However, Jones filed a notice of appeal the next day. Because Jones filed her notice of appeal before the trial court could address her motion, the trial court subsequently stayed its decision on her Civ.R. 60(B) motion pending the resolution of her appeal. Jones raises seven assignments of error for our review. We will begin by addressing her first, second, fifth, and sixth assignments of error together, followed by her third, fourth, and seventh assignments of error together.

**First Assignment of Error**

> **The trial court erred in granting summary judgment to CAPITAL ONE N.A. where Plaintiff failed to prove ownership of the account and produce an admissible, authenticated chain of title. See Pl.'s MSJ Ex. (Booker Aff.), p. 1; Def.'s Mot. to Strike (filed May 12, 2025), p. 2; Def.'s Mem. In Opp. (filed May 9, 2025), p. 2.**

**Second Assignment of Error**

**The trial court erred by relying on Plaintiff's unauthenticated affidavit and partial business records in granting summary judgment, contrary to Evid.R. 602, 901, and 803(6). (Booker Affidavit filed with Pl.'s MSJ Ex, p. 1; Def.'s Motion to Strike (filed May 12, 2025) p. 1**

**Fifth Assignment of Error**

**The trial court erred by permitting summary judgment to be entered while Plaintiff refused to produce the account-specific cardholder agreement and related change-in-terms notices required by Regulation Z (TILA/CARD Act), which denied Appellant the documentary proof needed to test statutory disclosures, payment-allocation and rate-change compliance and thereby deprived Appellant of a fair opportunity to defend. See Def.'s RFPs (served Mar. 3, 2025), p.9, RFP #1 ; Pl.'s Discovery Responses (filed Jun. 3, 2025), p. 9, RFP # 1**

**Sixth Assignment of Error**

**The trial court erred by failing to impose an adverse-inference remedy or other appropriate sanction after CAPITAL ONE Is no longer in possession of the original signed contract thereby allowing Plaintiff to rely on secondary, unauthenticated evidence to obtain summary judgment. See Pretrial Tr., May 19, 2025, p. 4, R 7, II. 7-10; Notice of Default (May 20, 202S), p. 2.**

{¶6} In her first, second, fifth, and sixth assignments of error, Jones argues that the trial court erred by granting summary judgment in favor of Capital One. Specifically, Jones contends that summary judgment is not proper in this case because Capital One failed to provide sufficient, admissible evidence to prove its claim, leaving genuine issues of material fact unresolved and denying Jones a fair opportunity to defend.

*Standard of Review*

{¶7} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

*Analysis*

{¶8} On appeal, Jones argues that summary judgment was improperly granted in this case for four specific reasons: (1) Capital One failed to prove it was the real party in interest; (2) the affidavit supporting the motion was unauthenticated and lacked personal knowledge; (3) Capital One failed to produce account-specific disclosures required by the Truth in Lending Act; and (4) the trial court failed to apply an adverse inference regarding the missing original contract.

{¶9} "In general, '[a]n action on an account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid.'" *Citibank v. Hyslop*, 2014-Ohio-844, ¶ 9 (10th Dist.), quoting *Dept. Stores Natl. Bank v. McGee*, 2013-Ohio-894, ¶ 16 (7th Dist.). "'Actions seeking to collect on a credit card balance "constitute actions 'on an account.'"'" *Id.*, quoting *McGee* at ¶ 16, quoting *Capital One Bank v. Toney*, 2007-Ohio-1571, ¶ 34 (7th Dist.). "'The

purpose of an action on an account is "to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action."'" *Id.*, quoting *Citibank v. Lesnick*, 2006-Ohio-1448, ¶ 8 (11th Dist.), quoting *Am. Sec. Serv., Inc. v. Baumann*, 32 Ohio App.2d 237, 242 (10th Dist. 1972). To prevail on a claim for a sum due on an account, a plaintiff must demonstrate a provable beginning balance, present itemized records of dated charges and credits, and provide a running calculation that substantiates the final amount claimed. *Capital One, N.A. v. Outland*, 2025-Ohio-2229, ¶ 12 (8th Dist.).

*Standing*

{¶10} As an initial matter, Jones disputes that Capital One is a real party in interest able to bring this action against her. Specifically, Jones contends that Capital One failed to prove ownership of the account or produce an admissible, authenticated chain of title, arguing that the debt may have been securitized or assigned. She contends that this failure is further evidence that Capital One lacks standing to bring this action under R.C. Chapter 1303 (UCC Article 3).

{¶11} Under Civ.R. 17(A), "'"a civil action must be prosecuted by the real party in interest."'" *BP Metals, LLC v. Glass*, 2018-Ohio-3527, ¶ 15 (3d Dist.), quoting *U.S. Bank, N.A. v. Coffey*, 2012-Ohio-721, ¶ 13 (6th Dist.), quoting *Discover Bank v. Brockmeier*, 2007-Ohio-1552, ¶ 7 (12th Dist.). *See also U.S. Bank, Natl. Assn. v. Adams*, 2012-Ohio-6253, ¶ 13 (6th Dist.) ("The threshold

requirement of standing depends upon whether the plaintiff has a real interest in the subject matter of the action."). This requires the plaintiff to be the party who can discharge the claim or who holds a real interest in the subject matter of the action. *BP Metals* at ¶ 15. "Under Ohio law, 'only a party to a contract, or an intended third-party beneficiary of a contract, may bring an action on a contract.'" *Outland* at ¶ 15, quoting *Mickey v. Denk*, 2008-Ohio-3983, ¶ 10 (8th Dist.).

{¶12} There is no genuine issue of material fact that Capital One is the real party in interest in this case—that is, the party who can discharge the claim in this case. Decisively, the record reflects that Capital One is the original creditor, not an assignee. *See Outland* at ¶ 16 (determining that Capital One remained the real party in interest entitled to enforce the cardholder agreement where the defendant failed to present any evidence supporting the claim that the debt was securitized or that such securitization would divest the original creditor of its enforcement rights). Indeed, in support of its motion for summary judgment, Capital One submitted the affidavit of Booker who averred (based on personal knowledge and business records) that Capital One is the original creditor. Consequently, since Capital One is the original creditor, it is the real party in interest entitled to enforce the obligation. *Accord id.*

{¶13} Further, to the extent that Jones relies on R.C. Chapter 1303 (UCC Article 3) in support of her real party in interest argument, Jones's argument is misplaced. Specifically, Jones contends that Capital One is not the real party in

interest because it failed to establish it is a "person entitled to enforce" an instrument under R.C. 1303.31 or produce a lost instrument under R.C. 1303.38. However, R.C. Chapter 1303 governs negotiable instruments. Ohio courts have consistently held that a credit card account is not a negotiable instrument because it does not contain an unconditional promise to pay a fixed amount of money. *First Nat. Bank of Findlay v. Fulk*, 57 Ohio App.3d 44, 47 (3d Dist. 1989) ("Since the charge slips are not negotiable instruments, and R.C. 1303.39(B) pertains only to negotiable instruments, we find that this section of the Ohio Revised Code is not applicable to the case at bar."). *See also SMS Fin. 30, L.L.C. v. Frederick D. Harris, M.D., Inc.*, 2018-Ohio-2064, ¶ 17 (8th Dist.). Because the account at issue is not a negotiable instrument, Capital One was not required to satisfy the requirements of R.C. Chapter 1303 to prove its standing.

*Admissibility of Evidence*

{¶14} Next, Jones argues that the trial court erred by relying on the affidavit of Booker and the accompanying business records. Jones contends that this evidence was insufficient for summary judgment, claiming that it failed to satisfy the foundational requirements of Evid.R. 602 (personal knowledge), 901 (authentication), and 803(6) (business records exception). Relatedly, Jones argues that the trial court erred by failing to impose an adverse inference sanction against Capital One given its admission that it no longer possessed the original signed contract. She asserts that, because the original contract is missing, the trial court

should have inferred that its contents were unfavorable to Capital One and rejected the secondary evidence.

{¶15} "Affidavits offered to support or oppose summary judgment 'shall be made on personal knowledge.'" *HSBC Bank USA, Natl. Assn. for Citigroup Mtge. Loan, Tr. Inc., Asset Backed Pass Through Certificates Series 2003-HE4 v. Webb*, 2017-Ohio-9285, ¶ 10 (10th Dist.), quoting Civ.R. 56(E). *See also Bendele v. Geise*, 2002-Ohio-6272, ¶ 12 (3d Dist.) ("This is the same standard that is articulated in Evid.R. 602 . . . ."). "Generally speaking, '"[p]ersonal knowledge" is "knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said."'" *Webb* at ¶ 10, quoting *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 2002-Ohio-2220, ¶ 26, quoting *Black's Law Dictionary* 875 (7th Ed. 1999).

{¶16} Authentication is a rule of relevance, requiring the proponent to lay a foundation that connects the offered evidence to the facts of the case. *See TPI Asset Mgt. v. Conrad-Eiford*, 2011-Ohio-1405, ¶ 10-17 (2d Dist.); Evid.R. 901. This requirement applies to documents used in summary judgment motions, which must be supported by an affiant with personal knowledge. *See id.* at ¶ 18-19; Civ.R. 56(E). "'A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the

affidavit.'" *Capital One Bank, N.A. v. McGee*, 2013-Ohio-895, ¶ 11 (7th Dist.), quoting *Residential Funding Co., LLC v. Thorne*, 2010-Ohio-4271, ¶ 70 (6th Dist.).

**{¶17}** "[R]ecords custodians can present business records kept in the regular course of business if they have personal knowledge of the company's records because such records are excepted from exclusion as hearsay and may be authenticated by the records custodian." *Webb* at ¶ 10. *See* Evid.R. 803(6). "The rationale behind Evid.R.803(6) is that if information is sufficiently trustworthy that a business is willing to rely on it in making business decisions, the courts should be willing to rely on that information as well." *Secy. of Veterans Affairs v. Leonhardt*, 2015-Ohio-931, ¶ 40 (3d Dist.), quoting *Quill v. Albert M. Higley Co.*, 2014-Ohio-5821, ¶ 44 (5th Dist.). For a business record to be admissible under Evid.R. 803(6), the proponent must establish that the record have (1) been kept in the regular course of business; (2) stemmed from a source who had personal knowledge of the acts or events; (3) been recorded at or near the time of the transaction; and (4) its testimonial foundation provided by the custodian or some other qualified witness. *Id.* The phrase "other qualified witness" is interpreted broadly in Ohio, and the witness need not have firsthand knowledge of the specific transactions, only familiarity with the business's record-keeping system. *Id.* at ¶ 45.

**{¶18}** In this case, the trial court properly relied on Booker's affidavit and the accompanying business records because Capital One satisfied the foundational requirements for the business records exception. *Compare Capital One Bank (USA)*

*N.A. v. Rose*, 2018-Ohio-2209, ¶ 27 (4th Dist.) (finding a bank affidavit was sufficient under Civ.R. 56(E) where the affiant attested to personal knowledge of the manner and method the bank created and maintained the computer records of customer accounts, despite the debtor's claims of lack of firsthand knowledge). Critically, Booker attested that she had personal knowledge of the manner and method by which Capital One creates and maintains its records as part of her job responsibilities, and that the attached records were made and kept in the ordinary course of business. This assertion, combined with her identity and job function, creates a reasonable inference of personal knowledge sufficient for Civ.R. 56(E). *Accord McGee*, 2013-Ohio-895, at ¶ 13, 19 (7th Dist.).

{¶19} Moreover, because the existence of a binding credit card contract is established by Jones's use of the card, the absence of the original signed contract is legally immaterial to Capital One's prima facie case, and its reliance on properly authenticated business records was permissible. "'Ohio recognizes that the issuance and use of a credit card can create a legally binding agreement.'" *Discover Bank v. Pierce*, 2014-Ohio-625, ¶ 16 (2d Dist.), quoting *Unifund CCR Partners Assignee of Palisades Collection, LLC v. Child*s, 2010-Ohio-746, ¶ 17 (2d Dist.). "A creditor does not need to produce a signed credit card application to prove the existence of a binding contract because the credit card agreement created one." *Capital One, N.A. v. Howard*, 2024-Ohio-275, ¶ 12 (2d Dist.). *See also Pierce* at ¶ 14

(emphasizing that "[n]o written agreement is required"). Consequently, Jones's challenge to the admissibility of the evidence is without merit.

{¶20} Likewise, because the signed application is legally immaterial where the debt is established by use of the card, the missing document affects neither Capital One's standing as the original creditor nor the admissibility of its business records. *See Howard*, at ¶ 12. Therefore, the trial court did not err by failing to apply an adverse inference regarding the missing original contract.

*Procedural Defense*

{¶21} Finally, Jones argues that the trial court erred by granting summary judgment in favor of Capital One when it refused to produce the account-specific cardholder agreement and related change-in-terms notices in accordance with Regulation Z of the Truth in Lending Act. In other words, Jones contends that the trial court erred by granting summary judgment in favor of Capital One because the lack of these required disclosures prevented her from verifying Capital One's statutory compliance and precluded her from mounting a meaningful defense.

{¶22} In general, "Regulation Z, which was promulgated to implement the Federal Truth in Lending Act . . . was designed with several objectives in mind, including to 'promote the informed use of consumer credit by requiring disclosures about its terms and cost . . . .'" *Wixom v. Union Savs. Bank*, 2006-Ohio-1216, ¶ 5 (1st Dist.), quoting 12 C.F.R. 226.1(b) (current version at 12 C.F.R. 1026.1(b)). This Act "contains special provisions concerning credit cards," including the right

to assert against the card issuer all claims and defenses (excluding tort claims) arising from a consumer credit transaction if the merchant fails to satisfactorily resolve a dispute regarding the property or services purchased with that card. *Calvary, Invests., L.L.C. v. Vonderheide*, 2001 WL 1386190, \*3 (1st Dist. Nov. 9, 2001). *See* 12 C.F.R. 1026.12.

{¶23} Notwithstanding the protective nature of the Truth in Lending Act, the core issue presented in this appeal is whether the trial court erred by granting summary judgment based on Capital One's demonstration that Jones is liable for the unpaid credit card debt. Decisively, Jones's Truth in Lending Act argument does not pertain to reasons why the trial court erred by granting summary judgment in favor of Capital One relative to the unpaid credit card debt. *See OhioHealth Corp. v. Bishop*, 2024-Ohio-887, ¶ 22 (3d Dist.). Rather, Jones's argument pertains to the assertion of an affirmative defense which she did not properly plead as a counterclaim or affirmative defense in her answer. Critically, as an affirmative defense, violations of the Truth in Lending Act must be properly pleaded. Because Jones did not raise her Truth in Lending Act argument in her answer as a counterclaim or as an affirmative defense, she waived her Truth in Lending Argument. *Accord Unifund CCR Partners v. Hall*, 2009-Ohio-4215, ¶ 18 (10th Dist.).

{¶24} For these reasons, we conclude that the trial court did not err by granting summary judgment in favor of Capital One. Therefore, Jones's first, second, fifth, and sixth assignments of error are overruled.

### Third Assignment of Error

**The trial court abused its discretion by denying the Defendant the right to compel production of the account-specific cardholder agreement and origination-to-sale paper trail Pooling & Sale Agreements, Bill of Sales then granting summary judgment on an incomplete record. Mot. To Compel (filed June 26, 2025), p. 1; Order denying Mot. to Compel (May 8, 2025); Journal Entry granting SJ (May 27, 2025).**

### Fourth Assignment of Error

**The trial court violated Appellant's rights to procedural due process under Ohio Constitution article I, § 5th & 14th Amendment by entering judgment while dispositive motions remained unruled upon and without affording Appellant a meaningful opportunity to be heard. See Mot. to Compel (filed May 7, 2025), p. 1; Journal Entry granting SJ (May 27, 2025).**

### Seventh Assignment of Error

**The trial court abused its discretion by failing to apply Civ.R. 37 sanctions or preclusive remedies after Plaintiff's repeated failure to produce critical account-specific documents, thereby permitting Plaintiff to obtain judgment on an incomplete and prejudicial record. See Pl.'s Discovery Responses (filed Jun. 3, 2025), p. 4, Q #11; Mot. to Compel (filed May 7, 2025), p. 1.**

{¶25} In her third, fourth, and seventh assignments of error, Jones challenges the procedural fairness of the trial court proceedings. In particular, she argues in her third and seventh assignments of error that the trial court erred by denying her motion to compel discovery and by failing to impose sanctions. Jones specifically

contends in her fourth assignment of error that, by entering summary judgment while these discovery disputes remained unresolved, the trial court denied her a meaningful opportunity to be heard in violation of her due process rights.

*Standard of Review*

{¶26} "'A trial court enjoys broad discretion in the regulation of discovery, and an appellate court will not reverse a trial court's decision to sustain or overrule a motion to compel discovery absent an abuse of discretion.'" *Tretola v. Tretola*, 2015-Ohio-1999, ¶ 31 (3d Dist.), quoting *Stark v. Govt. Accounting Solutions, Inc.*, 2009-Ohio-5201, ¶ 14 (10th Dist.). Likewise, trial courts have sound discretion in deciding whether to impose sanctions under Civ.R. 37. *Haynes v. RGF Staffing USA*, 2021-Ohio-1927, ¶ 10 (3d Dist.). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

{¶27} Here, Jones filed a combined motion to compel discovery and to request a continuance on May 7, 2025 in which she sought specific documents such as the account-specific cardholder agreement, change-in-terms notices, and the origination-to-sale paper trail, including bills of sale and assignment schedules. The trial court denied the motion the following day. Subsequently, Capital One filed its motion for summary judgment on May 8, 2025 and the trial court granted summary

judgment in favor of Capital One on May 27, 2025, while discovery was outstanding.

{¶28} On appeal, Jones contends that the denial of her motion to compel and the subsequent failure to impose sanctions under Civ.R. 37 constituted an abuse of discretion, arguing that the trial court unfairly permitted Capital One to obtain judgment on an incomplete and prejudicial record. She further argues that by entering summary judgment while these discovery disputes remained unresolved, the trial court denied her a meaningful opportunity to be heard in violation of her due process rights.

{¶29} Capital One responds that the trial court did not abuse its discretion by resolving the case while discovery was outstanding because Civ.R. 56(F) provides the sole remedy for a party seeking to delay judgment for discovery. Consequently, because Jones failed to invoke that rule, Capital One contends that the trial court was permitted to resolve the summary judgment motion without explicitly ruling on Jones's pending motion to compel. Furthermore, Capital One asserts that the specific documents Jones sought, such as a bill of sale or chain of title, do not exist because Capital One is the original creditor. Regarding the failure to impose sanctions, Capital One argues that the trial court's decision was proper because the deadline to respond to discovery had not passed when Jones filed her motion, meaning no discovery order had been violated, and because Jones had not filed any motion for sanctions.

*Motion to Compel and Sanctions*

**{¶30}** "Pursuant to Civ.R. 37, a party may move a trial court to compel an uncooperative litigant to participate in discovery." *Thallman v. Thallman*, 2016-Ohio-992, ¶ 44 (3d Dist.). Specifically, Civ.R. 37 "provides that a motion to compel 'shall include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action.'" *Childs v. Kroger Co.*, 2023-Ohio-2034, ¶ 43 (10th Dist.), quoting Civ.R. 37(A)(1). *See also Falkenberg v. Kucharczyk*, 2022-Ohio-2361, ¶ 32 (8th Dist.) ("The rule imposes a duty to attempt extrajudicial resolution of any discovery dispute before filing a motion to compel discovery.").

**{¶31}** "'Civ.R. 37 vests courts with the authority to sanction parties and their attorneys for flouting the Rules of Civil Procedure and violating discovery orders . . . .'" *State ex rel. Pelmear v. Henry Cty. Land Reutilization Corp.*, 2025-Ohio-4998, ¶ 18, quoting *Bellamy v. Montgomery*, 2010-Ohio-2724, ¶ 21 (10th Dist.), and citing *Elliott-Thomas v. Smith*, 2018-Ohio-1783, ¶ 16 ("Civ.R. 37 provides trial courts with broad discretion to impose sanctions upon a party who violates the rules governing the discovery process."). "'When imposing a discovery sanction, the trial court must impose the least severe sanction that is consistent with the purpose of the rules of discovery.'" *Id.* at ¶ 19, quoting *Black v. Hicks*, 2020-Ohio-3976, ¶ 55 (8th Dist.), and citing *Elliott-Thomas* at ¶ 16 (noting that the civil rules provide "adequate remedies to deter and punish interference with and concealment of evidence by

-17-

parties and counsel"). "'"When issuing discovery sanctions, the Ohio Supreme Court has held that "the trial court should weigh the conduct of the party offering [evidence] along with the level of prejudice suffered by the opposing party attributable to the discovery violation, in order to determine the appropriate sanction."'" *Id.*, quoting *Black* at ¶ 55, quoting *Savage v. Correlated Health Servs.*, 64 Ohio St.3d 42, 55 (1992).

{¶32} In this case, the trial court did not abuse its discretion by denying Jones's motion to compel discovery. Indeed, Jones's motion to compel did not contain an indication that she satisfied the requirement of Civ.R. 37(A)(1) by conferring with Capital One prior to filing her motion. *See Falkenberg* at ¶ 33 (concluding that the trial court did not abuse its discretion by denying a motion to compel where the appellant failed to include a certification of a good-faith attempt to resolve the discovery dispute prior to filing, rendering the motion procedurally deficient); *Maguire v. Natl. City Bank*, 2009-Ohio-4405, ¶ 18 (2d Dist.) (determining that "Maguire's motion did not comply with the procedural requirements of Civ.R. 37"). Consequently, because Jones's motion did not conform to the procedural requirements of Civ.R. 37, the trial court did not abuse its discretion by denying her motion to compel.

{¶33} We also reject Jones's argument that the trial court abused its discretion by failing to impose sanctions under Civ.R. 37. Critically, the record reflects that Capital One was not in violation of any discovery order at the time

Jones filed her motion to compel. Rather, the trial court granted Capital One an extension of time to respond until June 21, 2025. Thus, at the time Jones filed her motion on May 7, 2025, Capital One's responses were not yet due, and the record reflects no violation of any court order. Furthermore, the record reflects that Jones never specifically sought sanctions. *See Martin v. Becker*, 2025-Ohio-2356, ¶ 41 (2d Dist.) (resolving that the trial court did not abuse its discretion by failing to impose sanctions sua sponte where the appellant did not file a motion for sanctions under Civ.R. 37). Therefore, we conclude that the trial court did not abuse its discretion by declining to impose sanctions under Civ.R. 37 in this case.

*Due Process and Civ.R. 56(F)*

**{¶34}** Jones further contends that the trial court violated her due process rights by granting summary judgment while discovery remained outstanding. "Procedural due process is guaranteed by the Fourteenth Amendment of the United States Constitution and Section 16, Article I of the Ohio Constitution." *Whitman v. Whitman*, 2007-Ohio-4231, ¶ 15 (3d Dist.). "As applied to summary judgment, procedural due process requires that a non-moving party have an opportunity to respond before the adjudication of a motion for summary judgment." *Village of Harbor View v. Jones*, 2010-Ohio-6533, ¶ 37 (10th Dist.). "The procedural fairness requirements of Civ.R. 56 'place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard.'" *Capital One Bank (U.S.A.), N.A. v. McCladdie*,

2022-Ohio-4082, ¶ 26 (8th Dist.), quoting *Hooten v. Safe Auto Ins. Co.*, 2003-Ohio-4829, ¶ 34.

**{¶35}** However, "'"[t]here is no general constitutional right to discovery."'" *Reif v. Wagenbrenner*, 2011-Ohio-3597, ¶ 16 (10th Dist.), quoting *Midland Steel Prods. Co. v. U.A.W. Loc. 486*, 61 Ohio St.3d 121, 131 (1991), quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Thus, to establish a procedural due process violation, a party must demonstrate that the conduct in question deprived them of a liberty or property interest without adequate procedural safeguards. *Id.* Accordingly, the actionable wrong is not the deprivation itself, but rather the deprivation without due process of law. *Id.*

**{¶36}** "Questions concerning procedural due process are matters of law to be determined de novo on appellate review." *Whitman* at ¶ 15. "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 2013-Ohio-2149, ¶ 25 (3d Dist.).

**{¶37}** Here, a specific procedural rule governs this scenario, and Jones failed to utilize it. Critically, Civ.R. 56(F) provides a mechanism for a non-moving party to obtain a continuance in order to pursue or complete discovery relevant to the motion for summary judgment, thereby obtaining additional time that may assist in responding to the motion. *Robol v. Columbus*, 2025-Ohio-973, ¶ 70 (10th Dist.). "Under Civ.R. 56(F), the party opposing the motion for summary judgment must provide an affidavit setting forth sufficient reasons why it cannot present sufficient

facts by affidavit to support their opposition to the motion for summary judgment." *Id.* "The party requesting relief under Civ.R. 56(F) bears the burden of demonstrating the need for a continuance to obtain additional discovery." *Id.* "Mere allegations requesting a continuance to conduct more discovery are not sufficient reasons why a party cannot adequately respond to a motion for summary judgment under Civ.R. 56(F)." *Id.*

{¶38} In this case, Jones failed to invoke Civ.R. 56(F) in response to Capital One's motion for summary judgment. Indeed, even through the trial court explicitly denied her motion to compel on May 8, 2025, Jones was still required to seek relief under Civ.R. 56(F) if she believed she could not present facts essential to justify her opposition to Capital One's subsequent summary judgment motion. *See id.* at ¶ 71. She did not do so.

{¶39} Instead, Jones maintained that access to additional discovery regarding chain of title and securitization would generally reinforce her case. *Compare id.* Critically, however, Jones did not allege that she was unable to refute Capital One's core legal argument—that she utilized the credit card and failed to pay the balance due—because of deficiencies in the discovery process. *See id.* In other words, Jones argued that she needed discovery to prove theories that were legally immaterial to the outcome of the case. Thus, because the evidentiary materials presented by Capital One established the debt through Jones's use of the credit card, discovery of internal proprietary documentation (like securitization files) would not have raised

-21-

a genuine issue of material fact regarding the dispositive issues before the court. *See BFI Waste Sys. of Ohio v. Garfield Hts.*, 94 Ohio App.3d 62, 75 (8th Dist. 1994) (determining that the trial court properly overruled motions to compel because the appellant failed to demonstrate a need for the production of documents that were not relevant to the ultimate issue). That is, Jones did not suffer any prejudice since the requested discovery would not have altered the outcome of the summary judgment proceedings. *See Boulder Capital Group, Inc. v. Lawson*, 2014-Ohio-5797, ¶ 34 (2d Dist.).

**{¶40}** Furthermore, a trial court does not err by ruling on a motion for summary judgment where a party fails to respond within the parameters of the civil rules. *See Green Tree Servicing LLC v. Graul*, 2016-Ohio-4641, ¶ 12 (10th Dist.). Consequently, the trial court was permitted to proceed to judgment since Jones did not provide the required Civ.R. 56(F) affidavit explaining why she could not respond to the summary judgment motion without the requested discovery. *See Boulder Capital Group* at ¶ 35.

**{¶41}** Importantly, the availability of relief under the Civil Rules is dispositive of Jones's due process argument. Indeed, the record reflects that Jones had the opportunity to litigate her discovery issues and that the Civil Rules provided "adequate procedural safeguards"—specifically Civ.R. 56(F)—which she failed to utilize. *See Reif v. Wagenbrenner*, 2011-Ohio-3597, ¶ 17 (10th Dist.). Therefore,

no due process violation occurred regarding the timing of the trial court's summary judgment decision. *See id.*

**{¶42}** Consequently, because Jones's due process rights were not violated and she failed to avail herself of the relief available under Civ.R. 56(F), the trial court did not abuse its discretion by granting summary judgment in favor of Capital One and implicitly overruling her pending motion to compel discovery.

**{¶43}** For these reasons, Jones's third, fourth, and seventh assignments of error are overruled.

**{¶44}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

William R. Zimmerman, Judge

Juergen A. Waldick, Judge

Mark C. Miller, Judge

DATED:
/hls